# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES TRUHE, | ) | |
| Plaintiff, | ) | Case No. 2:14-cv-00457-JAD-GWF |
| vs. | ) | **ORDER** |
| GARY S. LEE, | ) | *Ex Parte* Motion for Service by Publication (#7) |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's *Ex Parte* Motion for Service by Publication (#7), filed May 22, 2014.

Pursuant to Fed.R.Civ.P. 4(e), service of summons by publication is governed by the law of the state in which the District Court is located. Nevada Rule of Civil Procedure 4(e)(1)(i) provides that the Court may permit service by publication if, after demonstration of due diligence, the plaintiff is unable to find the defendant within the state or the plaintiff shows that defendants are within the state but avoiding the service of summons. The plaintiff must prove this to the satisfaction of the court either by affidavit or by a verified complaint. The question of due diligence is within the Court's discretion as there is no objective, formulaic standard for determining what is, or is not, due diligence under Nevada law. *Abreu v. Gilmer,* 985 P.2d 746, 749 (Nev. 1999).

Plaintiff argues that despite its best efforts, Plaintiff has been unable to effect personal service of process on Defendant Lee. *See Doc. #7.* Pursuant to the Declaration of Josephine Binetti McPeak *(Doc. #7-1)* attached to Plaintiff's motion, a process server attempted service on Defendant Lee at his last known address on South Jones Boulevard in Las Vegas, Nevada on March 3, 2014. *See Doc. #7-1* at Exhibit 2. The house appeared to be empty and no vehicle was present. *Id.* The process server then

attempted service three times at Defendant's last known address on South Rainbow Boulevard in Las Vegas, Nevada. *See Doc. #7-1* at pg. 2 ¶ 5. The leasing manager at this address told the process server that Mr. Lee moved out sixth months prior. *See Doc. #7-1* at Exhibit 1. Plaintiff learned of a business address in Torrance, California, however, after four attempts to serve Defendant, an employee who refused to give his name indicated he did not know Mr. Lee or his whereabouts. *See Doc. #2* at pg. 2 ¶ 7. The affiant conducted a search for the Defendant, however, searches of Westlaw and Google databases failed to provide any pertinent information. *Id*. at ¶ 9. Based on these facts, Plaintiff has demonstrated that despite his due diligence, Plaintiff is unable to find Defendant Lee and the Court finds Defendant Lee is a necessary party to the action. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Service by Publication (#7) is **granted**. Defendant Gary S. Lee may be served by Plaintiff through publication. Plaintiff shall publish the summons and complaint at least once a week for four (4) consecutive weeks in a newspaper of general circulation published in Las Vegas, Nevada and Torrance, California. Plaintiff must also mail by U.S. Post Office a copy of the summons and complaint to Defendant Lee's last known residences pursuant to N.R.S. 4(e)(1)(iii).

DATED this 23rd day of May, 2014.

GEORGE FOLEY, JR.
United States Magistrate Judge