1  JOSEPHINE BINETTI McPEAK
   Nevada Bar No. 7994
2  RORY T. KAY
   Nevada Bar No. 12416
3  McDONALD CARANO WILSON LLP
   2300 West Sahara Avenue, Suite 1200
4  Las Vegas, NV 89102
   Telephone: 702.873.4100
5  Facsimile: 702.873.9966
   E-mail: jmcpeak@mcdonaldcarano.com
6          rkay@mcdonaldcarano.com

7  *Attorneys for Plaintiff James Truhe*

8                  UNITED STATES DISTRICT COURT

9                         DISTRICT OF NEVADA

| | |
|---|---|
| 10  JAMES TRUHE, an individual, | Case No. 2:14-cv-00457-JAD-GWF |
| 11              Plaintiff, | |
| 12  v. | **STIPULATED JUDGMENT** |
| 13  GARY S. LEE, an individual, | |
| 14              Defendant. | |
| 15  GARY S. LEE, an individual, | |
| 16              Counterclaimant, | |
| 17  v. | |
| 18  JAMES TRUHE, an individual, | |
| 19              Cross-Defendants. | |
| 20  GARY S. LEE, an individual, | |
| 21              Crossclaimant, | |
| 22  v. | |
| 23  BRAD LANE, an individual; PALM TREE ADVISORS, LLC, a California limited liability company; JEREMY AKERS, an individual; BILL BUTIER, and individual; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive, | |
| 24 | |
| 25 | |
| 26              Cross-Defendants. | |

27

28

IT IS HEREBY STIPULATED AND AGREED, by and among plaintiff James Truhe ("Truhe" or "Plaintiff"), on one hand, and defendant Gary S. Lee ("Lee" or "Defendant"), on the other hand, through their respective undersigned counsel, as follows:

1. Defendant has entered into a settlement agreement (the "Settlement Agreement") with Truhe in connection with litigation filed in the United States District Court, District of Nevada, entitled *James Truhe v. Gary S. Lee, et al.*, and bearing Case No.: 2:14-cv-00457-JAD-GWF (the "Litigation").

2. Pursuant to the Settlement Agreement, none of the Parties admits to any liability or fault in connection with any of the claims asserted in the Litigation.

3. Truhe agrees not to file this Stipulated Judgment or in any way try to collect on this Stipulated Judgment unless and until Defendant breaches any of the terms of the Settlement Agreement. In the event that Defendant satisfies each of his obligations arising under the Settlement Agreement, Truhe will immediately return this Stipulated Judgment to Defendant, and the Stipulated Judgment will be cancelled, as all obligations owing to Truhe will have been satisfied.

4. In the event that Defendant does not make the agreed-upon payments, Defendant admits that: (1) he has breached the payment obligations set forth in the Settlement Agreement; (2) he does not have any defenses for his breach of the Settlement Agreement; and (3) Truhe is entitled to immediately file this Stipulated Judgment and seek execution thereon.

5. Defendant consents to, authorizes, and directs entry of judgment in favor of Truhe and against Defendant in the sum of Three Hundred Thousand Dollars and No Cents ($300,000.00), plus interest at a rate equal to the prime rate at the largest bank in Nevada as ascertained by the Commissioner of Financial Institutions on January 1 or July 1, as the case may be, immediately preceding the date of judgment plus 2 percent. Interest shall run from the date the Court enters the judgment until paid in full, and together with all attorneys' fees and costs incurred by Truhe after filing the judgment in connection with his collection efforts until paid in full.

6. Defendant further consents to, authorizes, and directs entry of judgment in favor of Truhe and against Defendant for all reasonable attorneys' fees and all costs incurred by Truhe after the Court enters judgment in connection with collecting the amounts set forth in paragraph 5, above, plus interest at a rate equal to the prime rate at the largest bank in Nevada as ascertained by the Commissioner of Financial Institutions on January 1 or July 1, as the case may be, immediately preceding the date of judgment plus 2 percent, until paid in full.

7. The undersigned represent and warrant that they are duly authorized to execute and deliver this Stipulated Judgment, that they have the power to do so, and that this Stipulated Judgment has been duly executed and delivered by them.

8. No just reason exists for delaying entry of this Judgment.

DATED this 7TH day of April, 2015.                    DATED this 7 day of April, 2015.

McDONALD CARANO WILSON LLP                            MICHAEL B. LEE, P.C.

*/s/ B.T.K.*                                          */s/ Michael Lee*

JOSEPHINE BINETTI McPEAK, ESQ. (#7994)                MICHAEL B. LEE, ESQ. (#10122)
RORY T. KAY, ESQ. (#12416)                            2000 S. Eastern Avenue
2300 West Sahara Avenue, Suite 1200                   Las Vegas, Nevada 89104
Las Vegas, Nevada 89102

*Attorneys for Plaintiff James Truhe*                 *Attorney for Defendants Gary S. Lee*

## JUDGMENT

Having reviewed the pleadings and papers on file herein, and good cause appearing therefor, the Court hereby finds and/or concludes those matters set forth in paragraphs 1 through 8, above, and hereby Orders, Adjudges, and Decrees as follows:

A. Truhe shall have and recover, and is hereby awarded, from and against Defendant the principal sum of Three Hundred Thousand Dollars and No Cents ($300,000.00), plus interest

at a rate equal to the prime rate at the largest bank in Nevada as ascertained by the Commissioner of Financial Institutions on January 1 or July 1, as the case may be, immediately preceding the date of judgment plus 2 percent. Interest shall run from the date the Court enters this judgment until paid in full, and together with all attorneys' fees and costs incurred by Truhe after filing the judgment in connection with his collection efforts until paid in full.

B.

Truhe shall have and recover, and is hereby awarded, from and against Defendant all reasonable attorneys' fees and all costs, as may be determined by the Court upon application by Truhe, incurred by Truhe after entry of this judgment in connection with collecting the amounts set forth in paragraph A, above, plus interest at a rate equal to the prime rate at the largest bank in Nevada as ascertained by the Commissioner of Financial Institutions on January 1 or July 1, as the case may be, immediately preceding the date of judgment plus 2 percent, until paid in full.

No just reason existing for delay in the entry of this Judgment, and pursuant to Fed. R. Civ. P. 54(b), the Court hereby certifies this judgment, and directs immediate entry of this Judgment.

Dated: October 27, 2015.

_____
UNITED STATES DISTRICT JUDGE